UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 SEP 18 AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| PAUL JOHNSON, | ) |
| Appellant, | ) |
| vs. | ) Civil Action No.: 01-S-1639-NE |
| MONARCH TILE, INC., GARY SIMPSON, | ) |
| Appellees. | ) |

ENTERED
SEP 18 2001

## MEMORANDUM OPINION

Appellant appeals the order granting summary judgment to appellees, entered by the United States Bankruptcy Court for the Northern District of Alabama, on May 21, 2001. This action is also before the court on the motions to dismiss the appeal filed by MT Tile Corporation, successor by name change to Monarch Tile, Inc. ("Monarch"),[1] and Gary Simpson.[2] Monarch has also filed a motion to supplement the record.[3] This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a). Upon consideration of the record, pleadings, and briefs of the parties, this court concludes that the appeal is due to be dismissed as moot.

### I. STANDARD OF REVIEW

A district court assumes the role of an appellate court when reviewing the decision of a bankruptcy court. *See* 28 U.S.C. § 158(a). A bankruptcy court's findings of fact shall be upheld on appeal unless deemed clearly erroneous. *See* Bankr. R. 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647, 651 (11th Cir. 1986). "A finding of fact is clearly erroneous when, although there is

---

[1] *See* Document No. 5.
[2] *See* Documents numbered 6 & 11.
[3] *See* Document No. 14.



evidence to support it, the reviewing court on entire evidence is left with the definite and firm conviction that a mistake has been committed." *Southerland v. Milam*, 187 B.R. 740, 741 (M.D. Fla. 1995) (citing *United States v. U.S. Gypsum*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Further, "[a]ppellants are entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts." *Southerland*, 187 B.R. at 741 (citing *In re Owen*, 86 B.R. 691, 693 (M.D. Fla. 1988), *reversed on other grounds in Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)).

## II. FACTUAL BACKGROUND

The court adopts the factual statement of MT Tile Corporation, which is undisputed,[4] as set forth in its motion to dismiss the appeal (doc. no. 4), as follows:

1. Monarch filed a voluntary petition for relief in the United States Bankruptcy Court for the Northern District of Alabama (the "bankruptcy court") on December 16, 1997, seeking relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. On December 13, 2000, Monarch filed a motion ("the Motion") with the bankruptcy court to sell certain real property and improvements known as "Plant One" located on Rickwood Road in Florence, Alabama (as more particularly described in the Motion, "the Property") pursuant to section 363(f) of the Bankruptcy Code. In the Motion, Monarch sought approval of the sale for a net purchase price of $60,000.00 to WDA Group, L.L.C. ("WDA") on the terms and conditions set forth in the Agreement to Purchase

---

[4]*See* Brief of Appellant, at 3.

("the Agreement") attached to the Motion and incorporated by reference.

3. By order dated December 14, 2000, the bankruptcy court established January 11, 2001, as the deadline for objections to the Motion and directed Monarch to provide notice of the hearing on the Motion.

4. On December 18, 2000, counsel for Monarch filed a certificate of service certifying compliance with the notice requirements contained in the Order of December 14, 2000.

5. On January 11, 2001, Gary Simpson ("Simpson") filed with the bankruptcy court an Offer to Purchase the Property for $75,000.00.

6. At the hearing on the Motion on January 17, 2001, the bankruptcy court conducted an auction between Simpson and a representative of WDA. Simpson was the high bidder with a bid of $100,000.00. Monarch and the Bank of America (which holds a lien on Monarch's interest in the Property) accepted Simpson's bid. The bankruptcy court approved the sale to Simpson. Appellant Paul Johnson ("Johnson") did not object to the Motion, bid for the Property, or otherwise appear with respect to the Motion.

7. On February 5, 2001, the bankruptcy court entered an order approving the sale to Simpson ("the Sale Order") on the terms and conditions set forth in the Motion, which incorporates the Agreement by reference.

8. On May 4, 2001, Simpson paid $100,000.00 to Monarch to close the sale. Monarch delivered an executed deed to Simpson on May 5, 2001.

9. On April 20, 2001, Johnson filed an adversary proceeding seeking a declaratory judgment that Monarch was not authorized to consummate the sale.[5] Johnson did not obtain a stay of the sale. On May 10, 2001, the bankruptcy court denied Johnson's motion for an injunction as moot based on the closing of the sale.[6]

10. By order dated May 21, 2001, the bankruptcy court granted summary judgment against Johnson and in favor of Monarch. Johnson appealed the order granting summary judgment on May 31, 2001.

### III. DISCUSSION

Appellant contends on appeal that, because the sale did not close by February 19, 2001, the date specified in the Agreement, the sale was not consistent with the terms of the Bankruptcy Court's order authorizing the sale, and should be set aside as null and void. Appellees argue that the appeal should be dismissed as moot, since the sale has been consummated pursuant to the Sale Order. They further assert that appellant does not have standing to challenge the sale of the property. Finally, they contend that the bankruptcy court properly entered summary judgment in favor of Monarch. Appellee Gary Simpson also argues that he had the right, which he exercised, to waive the time requirements in the agreement to allow the sale to close.

Appellant did not bid on the property, did not object to the sale of the property to Simpson, and neither appealed the order approving the sale nor requested a stay of the sale. Instead, several months after the sale had been approved, appellant filed an adversary proceeding seeking a

---

[5] Johnson also filed a motion for preliminary injunction.

[6] This order is not contained in the record. It appears that a hearing on motion for preliminary injunction was conducted on May 7, 2001, the date the deed was recorded.

4

declaratory judgment and a preliminary injunction. While the proceeding was pending, the sale of the property was consummated.

It is well settled that an appeal of a bankruptcy court's order approving a sale authorized under 11 U.S.C. § 363[7] is rendered moot upon the completion of the sale, if a stay of the authorization has not been sought. *See, e.g., In re Stadium Management Corp.*, 895 F.2d 845, 847-48 (1st Cir. 1990); *In re The Charter Co.*, 829 F.2d 1054, 1056 (11th Cir. 1987), *cert. denied*, 485 U.S. 1014, 108 S.Ct. 1488, 99 L.Ed.2d 715 (1988). Although this action does not involve the appeal of an order approving a sale, the same principles are applicable.

The First Circuit, in examining 11 U.S.C. § 363(m), observed:

> There are two complementary policies at work in § 363 and the Bankruptcy Code cases. The first emphasizes the importance of encouraging finality in bankruptcy sales by protecting good faith purchasers and thereby increasing the value of the assets that are for sale. *See, e.g., In re Onouli-Kona Land Co.*, 846 F.2d at 1172 ("the primary goal of the mootness rule is to protect the interest of a good faith purchase ... of the property thereby assuring finality of sale." (quotation and citation omitted)); *Greylock Glen Corp. v. Community Sav. Bank*, 656 F.2d 1, 4 (1st Cir. 1981); *In re Sax*, 796 F.2d at 998 (finality increases value). The second policy is broader and stresses a court's general jurisdictional bar from deciding cases in which it cannot provide a remedy. *See, e.g., Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 132-33, 40 L.Ed. 293 (1895) (discussing generally court's impossibility of relief mootness policy); *In re Cantwell*, 639 F.2d 1050, 1053 (3d Cir. 1981) ("generally, an appeal will be dismissed as moot when events occur during the pendency of an appeal [that] prevent the appellate court from granting any effective relief"). Both of these policies have existed in bankruptcy law long before the most recent code and are based in the caselaw as well as the statute. The two policies interact because the finality rule limits the remedies a court can offer. *Miami Center*, 820 F.2d at 379 (the rationale for dismissing as moot certain cases is that "a court cannot order relief

---

[7] 11 U.S.C. § 363(m) provides:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

without compromising the integrity of the sale of the property to a good faith purchaser.")

*In re Stadium Management Corp.*, 895 F.2d at 847-48.

Applying those principles to this action, it is clear that the appeal should be dismissed as moot. There is no contention that Simpson is other than a good faith purchaser,[8] and he is entitled to have his interest in the property protected by the finality of the bankruptcy court's order. Moreover, because the sale has been consummated, the court cannot order any effective relief. Appellant's claim that the sale was null and void because it was not completed in accordance with the time requirements set forth in the Agreement is without merit.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 18th day of September, 2001.

_____
United States District Judge

---

[8]"A 'good faith purchaser' is one who buys in good faith, that is, free of any fraud or misconduct and for value and without knowledge of any adverse claim." *Miami Center Limited Partnership v. Bank of New York*, 838 F.2d 1547, 1553 (11th Cir.), *cert. denied*, 488 U.S. 823, 109 S.Ct. 69, 102 L.Ed.2d 46 (1988).

6